**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| YACKELINE MANHUALAYA CASTANEDA, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Case No. CIV-26-548-J |
| MARKWAYNE MULLIN, et al., | ) ) ) | |
| Respondents. | ) | |

**ORDER**

Petitioner Yackeline Manhualaya Castaneda, a citizen of Peru, is currently in the custody

of Immigration and Customs Enforcement (ICE).  Petitioner filed a Petition for Writ of Habeas

Corpus [Doc. No. 1] and the matter was referred to United States Magistrate Judge Amanda L.

Maxfield.  Judge Maxfield has issued a Report and Recommendation recommending that the

Court: (1) grant the Petition in part and order Respondents to provide Petitioner with an

individualized bond hearing before a neutral Immigration Judge within seven days or else release

Petitioner from custody; (2) require the Government to bear the burden at the bond hearing to

prove by clear and convincing evidence that Petitioner is either a flight risk or a danger to the

community to justify continued detention; and (3) order Respondents to certify compliance within

ten days.  (Rep. & Rec.) [Doc. No. 14].[1]  Respondents filed a timely Objection (Obj.) [Doc. No.

15], triggering de novo review.  *See* Fed. R. Civ. P. 72(b)(3); *Quint v. Vail Resorts, Inc.*, 89 F.4th

803, 808 (10th Cir. 2023).

---

[1] Judge Maxfield subsequently issued a Supplement to the Report and Recommendation to correct an assertion of the law regarding the government's burden under § 1226(a), but stated that the correction does not alter the recommendation or extend the objection period.  [Doc. No. 16].

I.    **Background**

Petitioner entered the United States on or about December 16, 2023.  The next day, she was placed into removal proceedings and released on her own recognizance under 8 U.S.C. § 1226. In November 2024, Petitioner filed a Form I-589 Application for Asylum and Withholding of Removal.  In February 2026, ICE placed her in custody again, where she remains without a hearing.  Petitioner asserts that her continued detention without a bond hearing violates the Immigration and Nationality Act (INA), applicable agency regulations, the Fourth and Fifth Amendments, and the prohibition against retroactive application of the government's new interpretation of 8 U.S.C. § 1225(b)(2)(A).

II.    **Report and Recommendation**

Upon review, Judge Maxfield concludes that Petitioner is not seeking admission as contemplated under 8 U.S.C. § 1225(b)(2)(A) and thus 8 U.S.C. § 1226(a) controls her detention. As such, Petitioner's continued detention without a bond hearing violates the INA.  *See* Rep. & Rec. at 6–9.  Judge Maxfield further concludes that due process also entitles Petitioner to a bond hearing and as such, the Court should require the Government to bear the burden to prove by clear and convincing evidence that Petitioner is either a flight risk or a danger to the community to justify continued detention.  *See id.* at 9–20.

III.    **Analysis**

A.  **Sufficiency of the Petitioner Under Rule 8(a)**

Respondents first object that Judge Maxfield failed to address their argument that the Petition should be dismissed without prejudice for violating Fed. R. Civ. P. 8(a)'s requirement of a "short and plain statement" of the claims.  Obj. at 2–5.  Respondents argue the 63-page petition and 47-page appendix are excessively lengthy, confusing, and filled with irrelevant material

2

incorporated into each count, making it difficult for the Court and Respondents to discern the actual claims, and they contend Judge Maxfield improperly omitted any substantive analysis of this dispositive issue. *Id.*

At the outset, the Court agrees that the Petition is excessively lengthy and unnecessarily burdensome on both the Court and Respondents, requiring the Court to sift through a morass of irrelevant information to discern Petitioner's claims. The Court further notes that Petitioner's counsel has filed unnecessarily lengthy petitions in numerous cases within this District, including at least one case in which the Petition was stricken for failure to comply with Rule 8(a). *See* [Doc. No. 7], *Caldera v. Mullin*, No. CIV-26-331-R (W.D. Okla. Mar. 2, 2026).   In that case, the Court further observed that courts across the country have been inundated with materially similar habeas petitions and that none have required such extraordinary length to state viable claims for relief. *Id.* This Court is inclined to agree and cautions Petitioner that future petitions of similar length may be stricken without hesitation. *Jago v. Ortiz*, 245 F. App'x 794, 796 2 (10th Cir. 2007) (unpublished) (agreeing with the district court that the amended 95-page § 2241 petition did not comply with Rule 8 and "it was appropriately dismissed without prejudice").

Nonetheless, because the Court may conduct a de novo review, it evaluates Respondents' argument in the first instance.  Upon de novo review, the Court concludes that, notwithstanding its excessive length, the Petition adequately identifies the factual and legal bases for each claim and therefore states claims sufficient to survive dismissal at this stage. *See In re Roberts*, No. 20-3182, 2021 WL 4438744 (10th Cir. Oct. 7, 2021) (unpublished) (citing *Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003)).  As *Garst* explains, "[s]ome complaints are windy but understandable. Surplusage can and should be ignored," and courts should not insist on perfect pleadings where the operative claims can be discerned. *Id.* at 378.  Rather, a court may "bypass

the dross and get on with the case." *Id.* At the same time, *Garst* recognizes that excessive length may render a pleading unintelligible where it "scatter[s] and conceal[s] in a morass of irrelevancies the few allegations that matter," warranting dismissal where the complaint fails to give fair notice of the claims asserted. *Id.* Here, although the Petition is lengthy and incorporates extensive material by reference, the Court finds that the nature of each claim and the relief sought is sufficiently discernable, as demonstrated by Respondents' ability to address the claims and Judge Maxfield's summary of the claims at issue and relief sought. *See* [Doc. No. 12 at 23–37]; Rep. & Rec. at 4–5; Obj. at 5–13. Accordingly, the Court DENIES Respondents' request to dismiss Petitioner's claims  on Rule 8 grounds.

### B. Section 1226(a)

Second, Respondents object to Judge Maxfield's conclusion that § 1226(a) controls Petitioner's detention. *See* Obj. at 2-4. Although employing a de novo review, the Court declines to engage in lengthy analysis. This Court, and indeed most courts in this circuit and nationwide, have repeatedly concluded that § 1226(a) controls in this situation. *See Rawal v. Figueroa*, No. CIV-26-354-J, 2026 WL 1232291, at *1 (W.D. Okla. May 5, 2026). Unless the Tenth Circuit and/or Supreme Court hold differently, the matter is well settled in this Court and further discussion is unwarranted.

Respondents also object to Judge Maxfield's conclusion that Petitioner's lack of hearing violates due process and that at any bond hearing, the burden should be on the Government. *See* Obj. at 7–13. However, the Court declines to address Petitioner's due process claim thus mooting the objection. Additionally, the Court finds that the issue of burden shifting is premature and not fit for adjudication at this stage. Obj. at 11. A claim is not ripe for adjudication if it rests upon "'contingent future events that may not occur as anticipated, or indeed may not occur at

4

all.'" *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–581 (1985) (citation omitted). At this time, no immigration judge has conducted a hearing in Petitioner's case, much less allocated the burden of proof or applied the particular facts of this case to that evidentiary framework. Accordingly, the Court declines to issue an advisory opinion instructing application of a particular burden of proof. *See Rawal*, 2026 WL 1232291, at *1 (declining to prospectively order Immigration Judge to adhere to specific burden of proof at bond hearing); *Singh v. Figueroa*, No. CIV-26-600-R, Doc. No. 13 at 2, n. 2 (W.D. Okla. May 1, 2026) (same); *Ronda v. Figueroa*, No. CIV-26-565-J, 2026 WL 1146026, at *2 (W.D. Okla. Apr. 28, 2026) (same).

Accordingly, the Report and Recommendation [Doc. No. 14] is ADOPTED IN PART and Petitioner's Petition for Writ of Habeas Corpus is GRANTED in so far as it alleges Respondents violated the INA. The Court ORDERS Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days of the date of this Order, or release Petitioner if no hearing occurs within that period. Respondents shall certify compliance within ten days of the date of this Order. The Report and Recommendation is REJECTED IN PART as the Court declines to issue an advisory opinion regarding the burden of proof.

A separate judgment will enter.

IT IS SO ORDERED this 21st day of May, 2026.

_____
BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE

5